**AFFIDAVIT IN SUPPORT OF APPLICATION FOR SUPPLEMENTAL SEARCH WARRANT**

Your Affiant, Demian G. Lewis, being first duly sworn, deposes and states as follows:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and have been so employed for almost three years. I am currently assigned to a squad at the Baltimore FBI Field Office investigating counter-intelligence and counter-proliferation matters. I have received training in counter-proliferation investigations, including the scope and application of the International Emergency Economic Powers Act (IEEPA), 50 U.S.C. §§ 1701 *et seq.*, and the Iranian Transactions and Sanctions Regulations (ITSR), 31 C.F.R. § 560. I have conducted and participated in several investigations of the above laws and regulations, to include preparation and execution of search and/or arrest warrants.

2. On November 25, 2013, the Court issued a search warrant for 2910 Goodwood Road, Apt F, Baltimore, Maryland. This location is the residence of Ali SABOONCHI, who is currently under indictment in the District of Maryland for conspiracy to unlawfully export goods and services to an embargoed country in violation of the IEEPA and the ITSR, and related substantive offenses. Search warrants were also issued on the same date, and based on the same affidavit, for four electronic mail accounts utilized by the defendant and his coconspirators: alsaboon@gmail.com, aceelectrico@gmail.com, alsaboon@yahoo.com, and mehdimemo@yahoo.com. The joint affidavit underlying all of the warrants is incorporated by reference herein.

3. The search warrant for the defendant's residence authorized seizure of items and related documents obtained, or sought to be obtained, from U.S. manufacturers and

1



distributors after the date of the defendant's arrest, March 7, 2013. It also authorized seizure of electronic records pertaining to the above-referenced email accounts.

4. On November 26, 2013, federal agents executed the search warrant at the defendant's residence. During the course of the search they located the following electronic devices:

    a. one Maxtor computer hard drive, Model 90432D2, S/N A20YMB2C;
    b. one 1GB "Baltimore" thumb drive;
    c. one 4GB "Micro Center" thumb drive.

These items were seized in conformity with the warrant as possible electronic records pertaining to the referenced email accounts, and are currently in the possession of the FBI. For the reasons set forth in the previously submitted joint affidavit, there is probable cause to believe that the above-identified electronic devices contain fruits, instrumentalities and evidence of the unlawful export of goods and services to an embargoed country, and conspiracy to do same, in violation of the International Emergency Economic Powers Act, 50 U.S.C § 1705, and the Iranian Transactions and Sanctions Regulations, 31 C.F.R. §§ 560.203 and 560.204.

5. Though the joint affidavit specifically referenced procedures to be followed in executing the authorized searches of the four identified email accounts, those procedures were not specifically referenced in connection with the search of electronic records seized from the defendant's residence. Thus, in an abundance of caution, this application and affidavit is being submitted to request authorization to search the above-referenced electronic devices in conformity with the procedures set forth in Attachment A. These procedures are identical



those previously authorized by the Court on November 25, 2013, in connection with the search of the above-referenced email accounts.

Your affiant has signed this document under oath as to all assertions and allegations contained herein and states that its contents are true and correct to the best of his knowledge.

*[signature]*
Demian G. Lewis, Special Agent
Federal Bureau of Investigation

Subscribed and sworn to me on this 26th day of November, 2013.

*[signature]*
Charles B. Day
United States Magistrate Judge
District of Maryland

## ATTACHMENT A

The electronic records to be seized from the electronic devices specified in the attached search warrant are those associated with electronic mail accounts alsaboon@yahoo.com, alsaboon@gmail.com, mehdimemo@yahoo.com, and aceelectrico@gmail.com that constitute fruits, instrumentalities and evidence of the unlawful export of goods and services to an embargoed country, and conspiracy to do same, in violation of the International Emergency Economic Powers Act, 50 U.S.C. § 1705, and the Iranian Transactions and Sanctions Regulations, 31 C.F.R. §§ 560.203 and 560.204, to include: records relating to coconspirators, means and methods, payment, financing and shipping; address books; chat transcripts; and transactional and business records associated with said accounts.

The search of said electronic devices shall be conducted pursuant to the following protocol in order to minimize to the greatest extent possible the likelihood that files or other information for which there is not probable cause to search are viewed, and may include the following techniques (the following is a non-exclusive list, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be seized as set forth herein):

a. examination of all the data contained in such computer hardware, computer software, and/or memory storage devices to determine whether that data falls within the items to be seized;

b. searching for and attempting to recover any deleted, hidden, or encrypted data to determine whether that data falls within the list of items to be seized;

c. physical examination of the storage device, including surveying various file directories and the individual files they contain to determine whether they include data falling within the list of items to be seized;

d. opening or reading portions of files in order to determine whether their contents fall within the items to be seized;

e. scanning storage areas to discover data falling within the list of items to be seized, to possibly recover any such deleted data, and to search for and recover files falling within the list of items to be seized; and/or

f. performing key word searches through all electronic storage areas to determine whether occurrence of language contained in such storage areas exist that are likely to appear in the evidence to be seized.

*See Addendum*

1

## ADDENDUM FOR SEIZURES OF
## ELECTRONIC STORAGE DEVICES

Given the extensive storage capabilities of computers and other electronic media, and the likelihood that not all information contained therein is relevant to a criminal investigation, this Court finds that information not related to the subject matter of this warrant should in most instances be returned to the owner. Such information may include, but is not limited to programs for electronic payment of bills, business materials and/or other private matters.

In conducting the search authorized by this warrant, the Government shall make reasonable efforts to utilize computer search methodology that avoids searching files, documents or other electronically stored information which is not identified in the warrant.

In the event that a computer or other electronic media is seized, the Government shall have _60_ days to obtain a "mirror image" of any storage device contained therein. Thereafter, the Government shall return the computer and related devices to the owner, if known. The Government shall not return illegal contraband.

In the event the Government seeks additional time to obtain the mirror image, the Government shall file a motion for extension, supported by an affidavit. If the Government contends that the computer should not be returned for any reason, the Government shall submit a written statement in support thereof prior to the expiration of the period allowed to obtain the mirror image.

Should the Government not locate any of the items specified in the warrant (or other contraband, instrumentalities, or property subject to forfeiture) within the authorized search period, the Government shall return the computer and/or electronic storage device to the owner.

Nothing in this warrant shall limit or prevent the government from seizing

the computer as contraband or an instrumentality of a crime or commencing forfeiture proceedings against the computer and/or the data contained therein. Nothing in this warrant shall limit or prevent the owner of the computer from (a) filing a motion with the Court pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for the Return of Property or (b) making a request of the government to return certain specified files, data, software or hardware.

